IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CONNOR A. DAVIS,

      Petitioner,                    No. CIV S-11-2745 GGH P

   vs.

COLUSA COUNTY COURT SYSTEM, et al.

      Respondents.                 <u>ORDER</u>

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

        For the reasons outlined below, the petition for writ of habeas corpus will be dismissed with leave to file a complaint under 42 U.S.C. § 1983 within twenty-eight (28) days, and the motion to proceed in forma pauperis will be denied without prejudice.

        It appears from the petition that petitioner is a state prisoner currently awaiting trial in Colusa County. <u>See</u> Doc. No. 4, page 4; page 9, "Notice, Sentence, Commitment Form" dated July 6, 2011 (petitioner is remanded to custody of sheriff until next appearance; bail is set at $3,000.00); page 10, "Notice, Sentence, Commitment Form" dated July 6, 2011 (petitioner's arraignment is scheduled for July 20, 2011; petitioner is remanded to custody of sheriff until next

appearance; bail is set at $25,000.00).[1] Although it is not entirely clear from the current record, petitioner appears to seek relief in connection with his requests to the Colusa County Jail for his legal documents and with the quality of the food provided by the jail. See, e.g., Doc. No. 4, pages 12-16. Petitioner also appears to allege claims of false imprisonment and of cruel and unusual punishment. Id. Petitioner advises the court that he is seeking money damages. See Doc. No. 4, page 3. From the current record, petitioner does not appear to be seeking relief in connection with any underlying custody order or judgment.

A review of the court's docket reflects that petitioner has recently filed a suit against the California Department of Correction and Rehabilitation, the Federal Drug Administration, and the "California County Jail," seeking damages under 28 U.S.C. § 1983. See Docket No. CV-S-11-2721 GGH P. In the civil suit, petitioner appears to allege that the defendants have failed to provide him with copies of documents he requested and that he is falsely imprisoned. See Docket No. CV-S-11-2721 GGH P, Doc. No. 1 at pages 3,8.

Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. § 1983. Muhammad v. Close, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam). Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action. Id. Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement. Id. at 750-51.

---

[1] Citations are to page numbers assigned by CM/ECF.

In this instance, petitioner advises the court that he is awaiting trial. See Doc. No. 4, page 4, Answer to Question 5.[2]  Federal courts cannot interfere with pending state criminal proceedings, absent extraordinary circumstances which create a threat of irreparable injury. Younger v. Harris, 401 U.S. 37, 45-46, 91 S.Ct. 746, 750-51 (1971).  Irreparable injury does not exist in such situations if the threat to plaintiff's federally protected rights may be eliminated by his defense of the criminal case.  Moreover, "even irreparable injury is insufficient [to permit interference with the proceeding] unless it is 'both great and immediate.'"  Id. at 46, 91 S.Ct. at 751 (quoting Fenner v. Boykin, 271 U.S. 240, 243-44, 46 S.Ct. 492, 493 (1926)).

"The Younger doctrine was borne of the concern that federal court injunctions might unduly hamper a state in its prosecution of criminal laws." Miofsky v. Superior Court, 703 F.2d 332, 336 (9th Cir. 1983).  In practical terms, the Younger doctrine means that "'only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.'"  Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir. 1980) (quoting Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972)).

\\\\

---

[2] The petitioner does not identify the statute under which he seeks habeas relief.  Relief under 28 U.S.C. § 2254 is available only to persons "in custody pursuant to a *judgment of conviction* in the state court." Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 503, 93 S. Ct. 1123, 1134 (1973) (Rehnquist, J., dissenting).  The appropriate vehicle for state court pre-trial detainees challenging their detention is 28 U.S.C. § 2241.  See McNeely v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003) (reviewing petitioner's claim that his Sixth amendment right to a speedy trial was violated).

Moreover, when a petitioner seeks relief under 28 U.S.C. § 2254, the petitioner must first exhaust his or her available state court remedies.  28 U.S.C. § 2254(b)(1); see also Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509, 512 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

After reviewing the petition for habeas corpus, the court finds that: (1) the petition for writ of habeas corpus raises claims related to the conditions of confinement, and seeks money damages, which claims appear to overlap those raised in petitioner's concurrent § 1983 action; and (2) the petition does not appear to challenge petitioner's current custody in Colusa County Jail, and, to the extent it does, petitioner's claims do not currently appear to satisfy the high standard set by Younger for federal court interference in an ongoing state court criminal proceeding.  Accordingly, the petition is dismissed with leave to file a complaint under 28 U.S.C. § 1983 within twenty-eight (28) days.

The court has received petitioner's motion to proceed in forma pauperis.  Plaintiff has not, however, filed his application for leave to proceed in forma pauperis on the form used by this district.  Use of the form assists plaintiff to establish and the court to evaluate plaintiff's in forma pauperis status in light of 28 U.S.C. § 1915 (b)(1) and (2).  Accordingly, plaintiff's application will be dismissed and plaintiff will be provided the opportunity to submit the application on the appropriate form.  Plaintiff is cautioned that he must also provide a certified copy of his prison trust account statement for the six month period immediately preceding the filing of his complaint.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner's application for writ of habeas corpus is dismissed with leave to file a complaint under 42 U.S.C. § 1983 within twenty-eight (28) days from the date of this order.

2. Plaintiff's application to proceed in forma pauperis is dismissed without prejudice.

3. Plaintiff shall submit, within twenty-eight days from the date of this order, a completed application to proceed in forma pauperis.

4. Any complaint and/or application to proceed in forma pauperis filed in compliance with this order shall bear the docket number assigned to this action.

\\\\

5.  Plaintiff's failure to comply with this order will result in dismissal of this action without prejudice.

6.  The Clerk of the Court is directed to mail plaintiff the forms for a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983 and an application to proceed in forma pauperis for use in a prisoner civil rights case.

DATED: December 13, 2011

      /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

ggh:rb
davi2745.114.3d.