IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CONNOR A. DAVIS,

      Plaintiff,                    No. CIV S-11-2745 GGH P

    vs.

COLUSA COUNTY COURT SYSTEM, et al.

      Defendants.               ORDER

_____/

        Plaintiff is a Colusa County Jail inmate proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected

and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**Procedural History**

On August 22, 2011, plaintiff filed a petition for writ of habeas corpus. This court previously determined that the petition sought money damages in connection with plaintiff's claims of cruel and unusual punishment and false imprisonment. See Doc. No. 15 at 2. On December 13, 2011, this court dismissed with leave to file a complaint seeking relief under 42 U.S.C. § 1983, because: (1) petitioner raised claims related to the conditions of his confinement and sought money damages; and (2) petitioner did not seem to be challenging his current custody. To the extent he was, this court found that the claims did not appear to satisfy the high standard set by Younger v. Harris, 401 U.S. 37, 45-46, 91 S.Ct. 746, 750-51 (1971), for federal court interference in an ongoing state court criminal proceeding.

On December 28, 2011, plaintiff filed the current complaint.

**Screening Requirements**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th

Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

**The Complaint**

In the complaint, plaintiff identifies himself as plaintiff "Pro Per" and "Pro Bono." The complaint reads that plaintiff has brought other lawsuits on behalf of himself, pro per and pro bono, and "inmates." It is unclear whether plaintiff is seeking, in the current lawsuit, to represent other inmates pro bono.

As defendants, plaintiff names Colusa County Jail, Colusa County Court System, and "people involved in all three (3) cases, person(s) or agencies would not sign name only initial, involved agencies - county, city, state and federal." See Complaint at III. Plaintiff also names as defendant a Judge Thompson, who, according to one of the attachments to the

1 complaint, is a judge of the state Superior Court who denied plaintiff's petition for habeas corpus
2 on November 18, 2011.  See Complaint, Doc. 16 at 12.
3        In his statement of claim, plaintiff writes:

> See information before in other case(s) + information enclosed.  If inmate(s) + ("We the People") have problem(s) like this in one county, what about the other county(ies) in California, and who is to investigate them!

See Complaint at IV.

       In support of his claims, plaintiff attaches various documents, some of which are illegible, and some of which include plaintiff's notations.  These include copies of: (1) a Colusa County Sheriff's Department, Jail Division, Legal Information Request; (2) articles from the Colusa County Sun Herald regarding food service at the Colusa County Jail; (3) authorizations for use or disclosure of protected health information; (4) letters from various attorneys, the Court of Appeals for the Ninth Circuit, and the State Bar of California; and (5) wrappers from individual servings of breakfast cereal.  Also among the attachments are handwritten statements from plaintiff, which, as best as the court can discern, were mailed to the various agencies whose reply letters are indicated above.

       A review of the complaint and its attachments indicates that plaintiff appears to be raising the following claims: that defendants have subjected plaintiff to cruel and unusual punishment, in violation of the Eighth Amendment, because the food, medical treatment, and heating at Colusa County Jail are inadequate; that defendants have failed to arrange for plaintiff's timely transfer to a mental health facility; and that plaintiff is unlawfully incarcerated.

       For example, plaintiff attaches a newspaper article entitled "Colusa County jail looking for new meal service," which describes the county's efforts to switch food contractors for the jail.  Plaintiff includes his notes on the article:

> This is Colusa County Board of Supervisor(s) I, Connor A. Davis went to court against and won, but I'm homeless" read case? and other misconduct in Colusa County Law Enforcement and other department(s) in Colusa

| | |
|---|---|
| 1 | County. |
| 2 | Read unlined area's - I filed complaint's against, Colusa County Sheriff Department/Jail about, food, medical care, heating, other? Look at case's filed under Connor A. Davis - 004620-Ex-CDC#V-79632 and Inmate's |
| 3 | |
| 4 | Have someone investigate glue on cereal lids to bottom, not glue right |
| 5 | Investigation is one of my right. |

Doc. No. 16 at 6.

Plaintiff additionally adds his comments to a letter reprinted from the same newspaper regarding the article on food at Colusa County Jail: "Read my letter to hospital, 'Doctor.' Where are the licensed health care personnel" See Doc. No. 15 at 7.

As relief, plaintiff seeks an investigation and a fair trial. The gravamen of plaintiff's allegations appear to be that plaintiff has complained about the conditions at the jail, or about being transferred, and that nothing has been done about it - accordingly, he appears to ask this court to review all prior documents in all prior lawsuits in order to determine what his claims are and how defendants have violated his various constitutional rights.

**Analysis**

The court will dismiss this complaint with leave to amend within twenty-eight days to set forth the conditions of confinement that implicate plaintiff's constitutional rights.

"Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimum civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." See Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 1000 (1992) (omitting internal quotations and citations). A similar analysis applies to medical needs: "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" Id.

However, "[p]rison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v.

Lewis, 217 F.3d 726, 731 (9th Cir. 2000), citing, inter alia, Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976; Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982) ("[A]n institution's obligation under the eighth amendment is at an end if it furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety" [internal quotations omitted]).  When an inmate has been deprived of necessities, "the circumstances, nature and duration of a deprivation....must be considered in determining whether a constitutional violation has occurred."  Johnson, supra, at 731.

To the extent plaintiff seeks to challenge a state court action proceeding against him, plaintiff is reminded that federal courts cannot interfere with pending state criminal proceedings, absent extraordinary circumstances which create a threat of irreparable injury. Younger v. Harris, 401 U.S. at 45-46, 91 S.Ct. at 750-51.  See also Doc. No. 15, Order filed December 13, 2011 at 3.

To the extent plaintiff seeks damages from Judge Thompson, on account of Judge Thompson's denial of plaintiff's habeas petition, plaintiff is informed that judges are absolutely immune from damage liability for acts performed in their official capacities.  Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc).  See also 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judiciary capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.")

To the extent plaintiff seeks to represent other inmates as plaintiffs in this suit, plaintiff is informed that pro se plaintiffs cannot represent anyone but themselves in their lawsuits.  See, e.g., McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966) (privilege of appearing pro se is personal to plaintiff, and he has no authority to appear as an attorney for others than himself).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**Appointment of Counsel**

Plaintiff has requested the appointment of counsel. See Doc. No. 18. The United States Supreme Court has ruled that district court lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances as it is not apparent at this point that plaintiff has any cognizable claims. Plaintiff's request for the appointment of counsel (Doc. No. 18) will therefore be denied.

\\\\\
\\\\\

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (Doc. No. 17) is granted.

2. Plaintiff's motion for the appointment of counsel (Doc. No. 18) is denied.

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Sheriff of Colusa County filed concurrently herewith.

4. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: February 6, 2012

        /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

ggh:rb
davi2745.B1.nf